**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES BLAKNEY,** | : |
| Petitioner, | : |
| | : CIVIL NO. 3:CV-05-2455 |
| v. | : |
| | : (CHIEF JUDGE VANASKIE) |
| **RONNIE HOLT, ET AL.,** | : |
| Respondents. | : |

**M E M O R A N D U M**

**I.   INTRODUCTION**

James Blakney, an inmate currently housed at Schuylkill Federal Correctional Institution ("FCI-Schuylkill"), Minersville, Pennsylvania, initiated pro se this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. Petitioner has paid the required filing fee. Named as Respondents are Warden Ronnie Holt, John Doe Bureau of Prisons ("BOP") employees, and the Attorney General of the Commonwealth of Pennsylvania.

Although the precise nature of Blakney's claim is far from clear, it appears to be based on an assertion that his account has not been credited with funds purportedly returned to him by an attorney who declined to accept representation of him. It appears that Blakney seeks reimbursement of the funds and the filing of criminal charges against the BOP employees who lost or stole his funds.

This matter is before the Court for screening.  See 28 U.S.C. § 2243.  Because habeas corpus is not the appropriate form of action for consideration of Blakney's claim, the petition will be dismissed without prejudice.

## II.    BACKGROUND

Construed most favorably from Petitioner's perspective, the petition and accompanying documents indicate that in June, 2005, while Blakney was housed in a different institution, a U.S. Treasury check for $2,000.00 was drawn from Blakney's inmate account and forwarded to Attorney Kathleen Martin in hopes of securing her services in an undisclosed matter.  (Dkt. Entry 2, Exhibit C.)  On June 27, 2005, after declining to represent him, Attorney Martin returned the check via certified mail to Blakney.  (Id.)  In August, after the funds failed to appear in Blakney's account, he sought resolution of this matter via the BOP's administrative remedy procedures.  (Dkt. Entry 2, Exhibits E and F.)  He learned that Federal Detention Center in  Philadelphia received the check but forwarded it to the U.S. Treasury for cancellation, a process which reportedly takes several weeks.  Upon completion of this process the funds were to be deposited into Blakney's inmate account.  It appears that as of the date of filing his Petition, November 25, 2005, Blakney had not received his funds.

## III.    DISCUSSION

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section

2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without receipt of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

      It is well-settled that a prisoner who seeks to challenge either the fact or duration of his confinement must proceed by way of a habeas corpus petition, but that habeas is not the appropriate avenue of relief when the prisoner's claim will not affect the duration of confinement.  Preiser v. Rodriguez, 411 U.S. 475 (1973).  In Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002), the Third Circuit held:

> [W]henever the challenge ultimately attacks the 'core of habeas' – the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in the plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Blakney is not challenging the duration or propriety of his sentence in his petition,

nor is he challenging a condition of his confinement.  Blakney complains of the deprivation of his personal property, specifically $2,000.00.  Blakney seeks the return of his missing funds.  Such relief is not available via a habeas corpus action.  <u>Leamer</u>, <u>supra</u>.  The negligent loss of property does not implicate the Due Process Clause and therefore the negligent handling of Blakney's funds does not amount to a constitutional violation.  <u>Daniels v. Williams</u>, 474 U.S. 329, 331-332 (1986).  Having found that Blakney's claim is not cognizable as a federal habeas matter, I will dismiss the petition without prejudice to any right he has to reassert his present claim in a proper form of action.

                                      **s/ Thomas I. Vanaskie**
                                      Thomas I. Vanaskie, Chief Judge
                                      Middle District of Pennsylvania

**UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES BLAKNEY,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL NO. 3:CV-05-2455** |
| v. : | |
| : | **(CHIEF JUDGE VANASKIE)** |
| **RONNIE HOLT, ET AL.,** : | |
| : | |
| **Defendants.** : | |

## O R D E R

January 4, 2006

**AND NOW**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus (Dkt. Entry 2) is **DISMISSED, WITHOUT PREJUDICE.**

2. The Clerk of Court is directed to close this case.

                                                **s/ Thomas I. Vanaskie**
                                                Thomas I. Vanaskie, Chief Judge
                                                Middle District of Pennsylvania